# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DUANE COTHREN

VERSUS

AMERICAN STRATEGIC INSURANCE
CORPORATION

CIVIL ACTION

NO. 17-1725-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the *Motion for Summary Judgment on Behalf of American Strategic Insurance Corporation* ("ASI") (Doc. 25). Plaintiff Duane Cothren opposes the motion, (Doc. 27), and ASI has filed a reply, (Doc. 28). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, ASI's motion is granted, and Plaintiff's claims will be dismissed with prejudice.

## I.    Relevant Factual and Procedural Background[1]

---

[1] Most of the *Statement of Facts in Support of MSJ on Behalf of [ASI]* ("*SUMF*"), (Doc. 25-11), are admitted in *Plaintiff's Response to [ASI's] [SUMF]* ("*RSUMF*"), (Doc. 27-1). (*See RSUMF* ¶¶ 1–4, 6–14, Doc. 27-1.) When the *SUMF* is cited by itself, that paragraph was admitted in the *RUSMF*.

Additionally, it must be noted that Plaintiff failed to comply with Middle District of Louisiana Local Civil Rule 56(c). This rule states in relevant part, "The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and *unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule*." M.D. La. LR 56(c) (emphasis added). Plaintiff here provides no record citations.

Local Civil Rule 56 further provides, "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.D. La. LR 56(f). Thus, the Court may consider other facts admitted for purposes of these motions.

"However, case law recognizes that the Court can still consider record evidence to determine if there is a factual dispute." *Braud v. Wal-Mart Stores, Inc.*, No. 17-320, 2019 WL 3364320, at *4 (M.D. La. July 25, 2019) (deGravelles, J.) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998) (holding, where plaintiff failed to oppose the motion for summary judgment, that facts in "Statement of Undisputed Facts" were admitted, "except to the extent that the 'facts' in the 'Statement of Undisputed Facts' are contradicted by 'facts' in other materials attached to his motion for summary judgment." (citation omitted)); *Porter v. Dauthier*, No. 14-41, 2015 WL 5611647, at *8, *13 (M.D. La. Sept. 23, 2015) (deGravelles, J.) (relying on *Smith* and holding, when Plaintiff's opposition left "no doubt about his disagreement with either the basis or import of each of Plaintiff's undisputed facts," that Plaintiff

### A.  The Great Flood and Initial Claim

This case arises from the Great Flood that struck Louisiana in August of 2016.  In sum, Plaintiff alleges that ASI failed to fully pay amounts owed under a Standard Flood Insurance Policy ("SFIP") for claims caused by that flood.

More specifically, ASI, in its capacity as the Write-Your-Own ("WYO") carrier, issued SFIP number 0FLD181458 to Plaintiff for certain property located in Walker, Louisiana for the policy term from  September 18, 2016 to September 18, 2017, which provided limits of $250,000 for building damages, subject to a $5,000 deductible. (*SUMF* ¶ 8, Doc. 25-11.)

Plaintiff reported a claim under his SFIP for damages to the property resulting from a flood that allegedly occurred on or about August 13, 2016. (*Id.* ¶ 9.)  ASI acknowledged the flood claim and assigned the flood loss to an independent adjuster as a courtesy pursuant to Articles VII(J)(7) of the SFIP. (*Id.* ¶ 10.)

The independent adjuster inspected the property and determined that the flood water reached approximately 35 inches on the interior and 44 inches on the exterior of the dwelling. (*Id.* ¶ 11.)  The independent adjuster then completed an estimate of what he deemed to be covered and payable damages caused by flood for the August 13, 2016 flood claim. (*Id.* ¶ 12.)

ASI reviewed and verified the adjustment and recommendations of the independent adjuster in compliance with 44 C.F.R. § 62.23, and determined that the covered and payable amount of the claim pursuant to the terms of the SFIP was $152,878.46 for building damage under Coverage A. (*SUMF* ¶ 13, Doc. 25-11.)  ASI then issued payments for Plaintiff's flood claim totaling $152,878.46 for building damage under Coverage A. (*Id.* ¶ 14.)

---

would have forty-eight hours from the issuance of the ruling to comply with the Local Rule, and ultimately denying the motion for summary judgment)).

**B. Issues with Plaintiff's Proof of Loss**

Article VII(J)(4) of the SFIP provides in relevant part that, "In case of a flood loss to insured property, you must: . . . [w]ithin 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with [certain information]."[2]  (Def. Ex. C, Doc. 25-4 at 15.)   The SFIP also provides the following definition of "you" in Article II(A):

> In this policy, "you" and "your" refer to the insured(s) shown on the Declarations Page of this policy and your spouse, if a resident of the same household. "Insured(s)" includes: Any mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss in the order of precedence.

(*Id*. at 3.)

---

[2] This information includes:

> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the covered property;
>
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
>
> i. The inventory of damaged personal property described in J.3. above.

(Def. Ex. C., Doc. 25-4 at 15.)

3

On May 5, 2017, the Federal Emergency Management Agency ("FEMA") issued Bulletin W-17017 wherein the Proof of Loss filing deadline set forth in SFIP Art. VII(J)(4) was extended to September 1, 2017. (Def. Ex. F, Doc. 25-7.)  On August 28, 2017, FEMA issued Bulletin W-17022 which again extended the time period in SFIP Art. VII(J)(4) until December 31, 2017. (Def. Ex. J, Doc. 28-1.)

On September 26, 2017, Plaintiff through his counsel submitted a Proof of Loss form dated September 25, 2017 claiming his flood loss totaled $250,000.00. (Def. Ex. G, Doc. 25-8.)[3] Plaintiff did not sign the Proof of Loss. (*Id.*; Def. Ex. H, Pl. Dep. 18–19, Doc. 25-9.)  Rather, the document is signed, "Duane Cothren by JDS." (Pl. Ex. E, Doc. 27-6 at 3.)

"JDS" refers to Plaintiff's attorney, J. Douglas Sunseri. (*Id.* at 2.)  When Plaintiff retained Sunseri to represent him, Plaintiff agreed in a document entitled "Fee Agreement and Authority to Represent" that: "I [Plaintiff] authorize Attorney to sign any Proof of Loss on behalf of the myself [sic] to preserve my claim with FEMA." (Pl. Ex. C., Doc. 27-4 at 2.)

### C.  Plaintiff's Suit

On December 5, 2017, Plaintiff filed suit against ASI alleging breach of the SFIP for failing to pay flood benefits for the full amount of damages to the building caused by flooding that occurred on or about August 13, 2016. (*See SUMF* ¶ 17, Doc. 25-11.) Plaintiff also made state-law based extra-contractual claims for special damages, penalties, court costs, attorney's fees, together with legal interest from the date of judicial demand and for all general and equitable relief. (*Id.*)

---

[3] Plaintiff's Exhibit E, (Doc. 27-6), details the exact amount Plaintiff's attorney demanded on his behalf, but these calculations are not material to the relatively narrow question presented in the instant motion.

4

## II.     Rule 56 Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .   The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (cleaned up). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted). Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citations omitted).

## III.     Discussion

### A.  Parties' Arguments

#### 1. ASI's Motion (Doc. 25) and Memorandum (Doc. 25-1)

Preliminarily, ASI originally sought dismissal of Plaintiff's "extra-contractual claims for special damages, penalties, court costs, attorney's fees, together with legal interest from the date of judicial demand and for all general and equitable relief." (Doc. 25-1 at 3–4.)  ASI maintained

5

that these claims were preempted. (*Id.*)  In his opposition, Plaintiff conceded that he was not seeking any such relief, (Doc. 27 at 2), so these claims are easily dismissed.

Thus, the heart of this motion is whether Plaintiff timely submitted a valid Proof of Loss when the document was signed on his behalf by his attorney.  ASI argues that the SFIP requires that the Proof of Loss be "signed and sworn to by you," and Plaintiff failed to do so. (Doc. 25-1 at 7–8.)  According to ASI, the "Proof of Loss requirement is clear and unambiguous, and it is to be strictly construed . . . because U.S. Treasury funds are at issue" and because the Appropriations Clause of the U.S. Constitution mandates such a construction. (*Id.* at 8.)  Further, under Article VII(R) of the SFIP, Plaintiff must comply with "all" of the policy's requirements before filing suit, and failure to do so divests him of the right to bring suit. (*Id.* at 10.)  Consequently, Plaintiff's remaining claims must be dismissed. (*Id.*)

### 2. Plaintiff's Opposition (Doc. 27)

Plaintiff responds that he "fully complied with the explicit terms, the purpose, and the intent of the SFIP and is entitled to" recover the additional sums he seeks. (Doc. 27 at 3.)  The purpose of the requirements is to give notice to the flood insurer, which Plaintiff did in this case. (*Id*. at 3–4.)  Further, Plaintiff met all of the requirements of Article VII(J)(4).  Plaintiff then details the various FEMA bulletins that have been issued over the years, all of which have relaxed the various Proof of Loss requirements. (*Id.* at 10–11.)

Plaintiff next contends that federal law does not preempt state law concerning mandatary and representative authority. (*Id.* at 12.)  According to Plaintiff, the Fifth Circuit has found that federal law only preempts the *handling* of flood insurance claims rather than claims *procurement*. (*Id.*)  FEMA has not regulated the use of mandate or representation, and ASI provides no authority that federal common law prohibits the use of mandate. (*Id.* at 12–13.)  Plaintiff highlights the

unconscionability of this rule in the cases of decedents, tutors, guardians, interdicts, minors, and business entities. (*Id.* at 13.)   Plaintiff then describes how he complied with Louisiana law governing mandate. (*Id.* at 14–16.)  Even if FEMA did prohibit the use of a legal representative, FEMA's enforcement of the rule is arbitrary and selective, as "agents are routinely allowed to sign Proofs of Loss on behalf of the insured." (*Id.* at 16.)

Plaintiff argues in passing that FEMA can waive the requirements for denying a Proof of Loss by inconsistent conduct leading the insured to believe the insurer will not require such a condition. (*Id.* at 17.)  The most recent authority for this proposition is an Illinois state court case from 1930. (*Id.*)

Plaintiff then asserts that the key question here is the sufficiency of the Proof of Loss, and courts have held that this is "an issue of fact precluding summary judgment." (*Id.* at 17.)   Plaintiff then cites a number of cases reaching this result based on various alleged problems with Proofs of Loss. (*Id.* at 17–19.)  Plaintiff calls ASI's position "particularly extreme," as ASI's representatives had full access to the relevant information and documents and Plaintiff's "estimate provide[d] a detailed analysis and specific line items with quantity costs and of any and all flood damage not addressed by the initial estimate of [ASI]." (*Id.* at 18.)

Perhaps most importantly, Plaintiff relies on *Mitchell v. National Flood Insurance Program*, No. 06-5070, 2008 WL 397756 (E.D. La. Feb. 8, 2008) (Barbier, J.), where the court allegedly denied summary judgment even though a supplemental Proof of Loss form was signed by plaintiff's attorney rather than plaintiff himself. (*Id.* at 20.)  According to Plaintiff, *Mitchell* held there were genuine issues of fact as to whether the information provided by the insured was in fact enough for FEMA to evaluate the merits of the claim. (*Id.* at 20–21.)  *Mitchell* purportedly relied on *Copeland v. FEMA*, No. 03-2704, 2004 WL 325577 (E.D. La. Feb. 18, 2004) (Barbier,

J.), where the Eastern District also denied summary judgment because Plaintiff had given enough

information for FEMA to evaluate the merits of the claim. (*Id.* at 21.) Plaintiff concludes:

> Plaintiff . . . seek[s] to recover compensation under his SFIP through breach of contract. Plaintiff complied with submission of a supplemental Proof of Loss prior to the December 31, 2017 deadline submitted by FEMA. ASI has refused to conduct a readjustment and issue a denial of Proof of Loss. The supplemental Proof of Loss submitted on September 26, 2017 fully complies with NFIP regulations including the December 31, 2017 deadline for submitting a Proof of Loss set forth by FEMA. Any doubt in whether to grant the Motion for Summary Judgment should be resolved in favor of the non-moving party. Accordingly, [ASI's] Motion for Summary Judgment should be dismissed.

(*Id.* at 21–22.)

### 3. ASI's Reply (Doc. 28)

ASI replies that it is undisputed that Plaintiff did not sign the Proof of Loss and that it was

instead signed by his attorney. (Doc. 28 at 1.) ASI says it is thus entitled to summary judgment.

(*Id.* at 1–2.)

ASI reiterates the law governing—and policy behind—strict compliance with the SFIP.

(*Id.* at 2–3.) ASI points out that, while Plaintiff says he complied with FEMA's nine elements, he

ignores the condition that the Proof of Loss be "signed and sworn to by you[.]" (*Id.* at 3.) Without

complying with all of the SFIP's requirements, Plaintiff's breach of contract claim fails. (*Id.* at 3–

4.)

ASI then clarifies that the key question is not timeliness. (Doc. 28 at 5.) Rather, the central

issue is the fact that the Proof of Loss was not signed and sworn by Plaintiff. (*Id.*)

Plaintiff argues that various FEMA bulletins eased the SFIP requirements, but ASI says

Plaintiff misses the mark. (*Id.* at 5.) First, the key requirement at issue has not been changed. (*Id.*)

And, second, Bulletin W-17022, quoted above, required complete and correct Proofs of Loss by December 31, 2017. (*Id.*)

ASI next disputes Plaintiff's contention that the SFIP is silent on whether a mandatary can satisfy the definition of "you." (Doc. 28 at 6.)  To the contrary, the SFIP has a very specific definition of "you," and that is the insured, "not some unknown representative of the insured." (*Id.*)  Plaintiff's arguments about LLCs and deceased "are pure red herring[s]." (*Id.* at 7.)  Plaintiff is none of those, and he was capable of signing the Proof of Loss when it was executed. (*Id.*)

While Plaintiff cites a number of state law cases about mandatary law, none of them allow a mandate to sign a SFIP Proof of Loss on behalf of the insured. (*Id.*)  In any event, Article X of the SFIP purportedly says, "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of [1968], as amended (42 U.S.C. § 4001, *et seq*.), and Federal common law." (*Id.*)  Further, there is preemption, as the definition of "you" in Art. II(A) and the requirements of Art. VII(J)(4) deal with the situation at hand. (*Id.*)

As to waiver, the Fifth Circuit has again required strict compliance with the SFIP. (Doc. 28 at 7–8.)  Here, "there is no waiver of any NFIP rules or regulations applicable to this claim." (*Id.* at 8.)

Finally, there are no questions of fact about the sufficiency of the Proof of Loss. (*Id.*) There is no genuine dispute that Plaintiff did not sign the Proof of Loss. (*Id.*)  None of the cases Plaintiff cited involved the requirement that the Proof of Loss be signed and sworn. (*Id.* at 8–9.)  Rather, they deal with whether Plaintiff provided sufficient information of the loss within the proof. (*Id.*) ASI then discusses a number of cases which purportedly held that a Proof of Loss did not comply

with the SFIP requirements because they were signed by the plaintiff's counsel rather than by the

plaintiff. (*Id.* at 9–10.) ASI concludes:

> Based on the foregoing, it is clear that the Plaintiff/insured as the
> policyholders must sign and swear to the proof of loss as his proof
> of the claim. Execution of the proof of loss by anyone else, including
> counsel, is not enough and fails to satisfy the terms and conditions
> of the SFIP. As such, Plaintiff's failure to submit a timely proof of
> loss signed and sworn to by the Plaintiff violates the terms and
> conditions of the SFIP at Article VII(J)(4) and fails to satisfy the
> conditions precedent provisions at Article VII(R). Therefore,
> Plaintiff's claims are barred as a matter of law and must be
> dismissed with prejudice.

(*Id.* at 10.)

### B.  SFIPs Generally and Their Interpretation

"It is uneconomical for private insurance companies to provide flood insurance with

reasonable terms and conditions to those in flood prone areas. Therefore, in 1968 Congress

established the National Flood Insurance Program [("NFIP")] to provide insurance coverage at or

below actuarial rates." *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). "The program is

currently operated by the Federal Emergency Management Agency (FEMA) and actually is

supported by the federal treasury." *Id.*

"Flood insurance policies can be issued directly by FEMA or through private insurers

known as 'Write Your Own' companies." *Id.* "By statute, these companies are fiscal agents of the

United States." *Id.* (citing 42 U.S.C. § 4071). Consequently, "[p]ayments on SFIP claims come

ultimately from the federal treasury." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005)

(citing *Gowland*, 143 F.3d at 955).

"The terms and conditions of all federal flood insurance policies, including the policy

issued to [Plaintiff], are fixed by FEMA. Policies must be issued in the form of a [SFIP] and no

provision of the policy can be altered, varied, or waived without the express written consent of the

Federal Insurance Administrator." *Gowland*, 143 F.3d at 953 (citing 44 C.F.R. §§ 61.4(b), 61.13(d)); *SUMF* ¶¶ 1–2, Doc. 25-11; *see also Wright*, 415 F.3d at 386  ("The terms of SFIP policies are dictated by FEMA." (citing 44 C.F.R. §§ 61.4(b), 61.13(d))).

"Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019) (quoting *Wright*, 415 F.3d at 388). "Claimants dealing with the government are presumed to have full knowledge of the law and cannot rely on the conduct of government officials to the contrary." *Id.* (citing *Heckler v. Cmty. Health Servs. of Crawford Cty. Inc.*, 467 U.S. 51, 63 (1984)).

"[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced[.]" *Gowland*, 143 F.3d at 954 (citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947)); *see also Wright*, 415 F.3d at 387 ("Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.' " (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990))); *Cohen*, 924 F.3d at 780 ("Men must turn square corners when they deal with the government.  This is especially true when a private party seeks money from the public fisc." (cleaned up)); *Clark v. Wright Nat'l Flood Ins. Co.*, 821 F. App'x 342, 344 (5th Cir. 2020) (per curiam) ("Because all claims for all policies issued under this program are paid directly from the federal treasury, the provisions of the SFIP policies must be strictly construed and enforced." (citing *Gowland*, 143 F.3d at 954)).

### C.  Law and Analysis

"An SFIP policyholder may not sue to recover losses covered under the SFIP unless the policyholder first 'complied with all the requirements of the policy.' " *Clark*, 821 F. App'x at 344

(quoting 44 C.F.R. § 61, App. A(1), Art. VII(R)).  Here, there is no question of fact that Plaintiff

did not sign the Proof of Loss and that it was instead signed by his attorney pursuant to a written

agreement. (*See* Def. Ex. G, Doc. 25-8; Def. Ex. H, Pl. Dep. 18–19, Doc. 25-9; Pl. Ex. E, Doc. 27-

6; Pl. Ex. C., Doc. 27-4.)  Thus, the sole question before the Court is whether, in doing so, Plaintiff

failed to comply with the requirements of his SFIP so as to preclude recovery.

The Court will begin with the language of the policy itself, which is codified by federal

law and found in its entirety at 44 C.F.R. pt. 61, App. A(1). (*SUMF* ¶ 2, Doc. 25-11.)  Article

VII(J) of this policy provides in relevant part:

> In case of a flood loss to insured property, *you* must: * * *
>
> 4. Within 60 days after the loss, send us a proof of loss, which is *your* statement of the amount *you* are claiming under the policy *signed and sworn to by you*, and which furnishes us with the following information: * * *

(Def. Ex. C, Doc. 25-4 at 15 (emphasis added).)  In Article II(A), the policy provides the following

definition of "you":

> In this policy, "you" and "your" refer to the insured(s) shown on the Declarations Page of this policy and your spouse, if a resident of the same household. "Insured(s)" includes: Any mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss in the order of precedence. "We," "us," and "our" refer to the insurer.

(Def. Ex. C, Doc. 25-4 at 3.)

The plain language of this SFIP supports ASI's position.  The policy requires that the Proof

of Loss be "signed and sworn to by you," and "you" has a very specific definition—one that

includes the "insured(s) shown on the Declarations Page," that insured's cohabitating spouse, and

even certain "mortgagee[s] and loss payee[s]." *Id.*  But, under the clear and unambiguous language

of the policy, that definition does not include Plaintiff's attorney or a mandatary.  Given the strict

rules of construction that the Court must give to insurance policies issued pursuant to a federal

program like the NFIP, *see, e.g.*, *Gowland*, 143 F.3d at 954, ASI's position is the only reasonable

interpretation of the SFIP. [4]

Federal common law, which governs these disputes, (*see* Def. Ex. C, Doc. 25-4 at 20),[5]

confirms this interpretation. The Fifth Circuit has said that "an insured's failure to provide a

complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the

federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at

954; *see also Wright*, 415 F.3d at 387 ("SFIP policies require that insureds asserting a claim file a

POL within 60 days[.] . . . 44 C.F.R. §§ 61.13(a), (d), (e) (1993); . . . Courts have enforced this

requirement strictly, holding that failure to timely file a POL complying with the regulatory

requirements is a valid basis for denying an insured's claim." (citing *Neuser v. Hocker*, 246 F.3d

508, 510 (6th Cir. 2001) ("Our sister circuits have consistently held that FEMA's proof of loss

---

[4] The Court notes that the SFIP submitted by the parties as Def. Ex. C varies slightly from the regulation currently in effect. Article VII(J)(4) has been re-numbered as Article VII(G)(4), but the relevant language is otherwise unchanged. *Compare* Def. Ex. C, Doc. 25-4 at 15, with 44 C.F.R. pt. 61, App. A(1), Art. VII(G)(4). Similarly, the definition of "you" is changed slightly in the current regulation:

> A. In this policy, "you" and "your" refer to the named insured(s) shown on the Declarations Page of this policy and the spouse of the named insured, if a resident of the same household. Insured(s) also includes: Any mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss, in the order of precedence. "We," "us," and "our" refer to the insurer.

44 C.F.R. pt. 61, App. A(1), Art. II(A). For the same reasons given above, the clear and unambiguous language of the current policy does not encompass "attorney" or "mandatary" within the definition of "you."

[5] Article IX of the SFIP in evidence provides, "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA], and Federal common law." (Def. Ex. C, Doc. 25-4 at 20.)

The current regulation has broadened this provision. Article X of the SFIP now states, "This policy and all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA], and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. X.

This change, however, does not affect the outcome of this motion. Both versions of this provision state that federal common law controls disputes arising from the "handling of any claim under the policy," and the Court finds that this motion and case fall under this category.

requirement is to be strictly enforced."); *Gowland*, 143 F.3d at 951)); *cf. Dwyer v. Fid. Nat. Prop.
*& Cas. Ins. Co*., 565 F.3d 284, 287 (5th Cir. 2009) (distinguishing *Gowland* on the grounds that
the requirements of Article VII(J)(4) are mandatory while the appraisal clause at issue in Article
VII(P) was permissive).

Even more specifically, "[d]istrict courts in the Fifth Circuit and other Circuits have held
that a proof of loss signed by an insured's attorney is not adequate proof of loss as required by the
SFIP." *Abel v. Wright Nat'l Flood Ins. Co.*, No. 18-385, 2019 WL 7791938, at *3 (S.D. Tex. Dec.
2, 2019) (citing *Johnson v. Imperial Fire & Cas. Ins. Co*., No. 07-4255, 2008 WL 2951961, at *4
(E.D. La. July 28, 2008) (Africk, J.) ("Courts have previously held 'that an attorney's letter, not
sworn to by the insured, cannot constitute adequate proof of loss as required by [the SFIP].' "
(citing *Bentley v. Metro. Prop. & Cas. Ins. Co.*, No. 06-4799, 2007 WL 9780438 (E.D. La. Apr.
26, 2007) (Lemmon, J.) ("When faced with similar facts other district courts have found that letters
submitted by a plaintiff's attorney cannot be considered as 'sworn proof of loss.'  Likewise, this
Court has explained that an attorney's letter, not sworn to by the insured, cannot constitute adequate
proof of loss as required by 44 C.F.R. pt. 61, App. A(1)."))); *see also Browning v. S. Farm Bureau
Cas. Ins. Co.*, No. 10-559, 2011 WL 13323872, at *8 (E.D. Tex. Sept. 12, 2011) (concluding proof
of loss did not comply with the SFIP in part because it "[wa]s not signed by the plaintiff himself,
but rather by his attorney"); *Holeman v. Dir., Fed. Emergency Mgmt. Agency,* 699 F. Supp. 98, 99
(N.D. Tex. 1998) (granting summary judgment because, "[e]ven if the attorney was acting as an
agent of the insured, the letter was not sworn to[,]" and "[t]he insurance policy identified 'proof of
loss' as a sworn statement signed by the insured."); *Deverant v. Selective Ins. Co.,* No. 02-3801,
2003 WL 21282184, at *2 (E.D. Pa. Jan. 7, 2003) (granting summary judgment because "[i]t has
been held that even a sworn statement by an insured's attorney, with supporting documentation,

14

will not suffice. . . . Anything other than the insured's signed, sworn proof of loss is insufficient." (citing, *inter alia*, *Holeman*, 699 F. Supp. at 99)); *Moore v. Tex. Farmers Ins. Co.*, No. 18-380, 2019 WL 10093972, at *4 (S.D. Tex. Dec. 2, 2019) ("Accordingly, the August 28, 2006 proof of loss signed by [plaintiff's attorney] on [plaintiff's] behalf does not comply with Article VII(J)(4) of the SFIP." (citing *Johnson*; *Deverant*; *Holeman*; *Miller v. Am. Strategic Ins. Corp.*, No. 13-2658, 2015 WL 3902790, at *3 (W.D. La. June 23, 2015) (finding the proof of loss insufficient because it was merely signed by the insured and not sworn to); and *Crutcher v. Fidelity Nat'l Ins. Co.,* No. 06-5273, 2007 WL 1087595, at *5 (E.D. La. Apr. 9, 2007) (Berrigan, J.) (explaining that, among other deficiencies, the letter to insurer from plaintiff's attorney was "not sworn by the plaintiffs" and concluding, "Since substantial compliance does not suffice, the Court finds that the plaintiffs failed to meet the proof of loss prerequisite to recover under their SFIP[,]" though ultimately denying summary judgment due to the need for discovery on waiver)). Thus, contrary to Plaintiff's preemption argument—which is based on the absence of federal common law on point—a healthy line of jurisprudence directly addresses the issue at hand and finds that a signature by a claimant's attorney is insufficient.

Plaintiff points to a number of cases purporting to reach the opposite result, including *Mitchell v. Nat'l Flood Ins. Program*, No. 06-5070, 2008 WL 397756 (E.D. La. Feb. 8, 2008) (Barbier, J.). In *Mitchell*, the court denied summary judgment in a flood case. *Id.* at *1. Defendants argued that a supplemental claim had a number of deficiencies,[6] including the fact that the "supplemental proof of loss was not signed by Plaintiff." *Id*. Plaintiff, on the other hand, argued that her attorney signed the proof of loss and that, "while her attorney actually 'applied the ink' to

---

[6] According to defendants, the supplemental claim did not identify an amount for the full cost of repair or replacement of building and contents, did not identify an applicable depreciation, did not identify the actual cash value of the loss, and did not identify a net amount being claimed." *Mitchell*, 2008 WL 397756, at *1.

the document to inscribe her name, because he had Plaintiff's authority to do so, the signature should constitute Plaintiff's signature for purposes of compliance with the SFIP requirements." *Id.* at *2.  Relying upon *Copeland v. FEMA*, No. 03-2704, 2004 WL 325577, at *2–3 (E.D. La. Feb. 18, 2004) (Barbier, J.), the *Mitchell* court sided with the plaintiff, explaining:

> The documentation submitted to the NFIP included Plaintiff's sworn proof of loss form signed on her behalf by her attorney; a contents list itemizing replacement costs, loss or damage, depreciation amounts, and actual case value flood loss; as well as estimates from contractors regarding replacement and repair costs to the property. Therefore, this Court determines that summary judgment in favor of the NFIP should be denied as there exists a genuine issue of material fact as to whether this information was in fact enough for FEMA to evaluate the merits of the claim.

*Mitchell*, 2008 WL 397756, at *4.

Other cases have been consistent with *Mitchell*'s position, though they do not deal with an attorney signing a proof of loss. *See Copeland*, 2004 WL 325577, at *2–3 (rejecting defendants' argument that proofs of loss were inadequate and finding that "plaintiff provided at least enough information for FEMA to evaluate the merits of the claim," despite the fact that plaintiff provided "estimates for the amount of damages he expected to claim in his Proof of Loss" rather than "an exact dollar amount for the losses he sustained" (citing *Burns v. Fed. Emergency Mgmt. Agency*, 84 F. Supp. 2d 839, 845 (S.D. Tex. 2000) (rejecting FEMA's argument that plaintiff's claim must be denied because "she failed to furnish FEMA with 'all bills, receipts, and related documents' within 60 days of the date of loss"); *Portnoy v. Dir., Fed. Emergency Mgmt. Agency–Nat'l Flood Ins. Program*, No. 02–6714, 2003 WL 21294980, at *2 (E.D. Pa. Jan. 17, 2003) (denying summary judgment and finding that plaintiff's responses were not inadequate despite the fact that plaintiff wrote " 'to be determined' instead of an actual dollar amount in the categories 'Actual Cash Value,' 'Whole Loss and Damage,' and 'Amount Claimed.' ")); *Phillips v. Fed. Emergency MGMT*

*Agency*, No. 13-5291, 2014 WL 273144, at *3 (E.D. La. Jan. 24, 2014) (Barbier, J.) (relying on *Copeland* and concluding, "Plaintiff then submitted a supplemental proposal for additional amounts due under his claim and has sued to recover outstanding amounts allegedly due. Plaintiff has submitted adequate information for FEMA to evaluate the merits of his claims, and therefore, summary judgment is inappropriate in this case.").

Later cases, however, undermine this "substantial compliance" theory. For example, in *Roussell v. Allstate Insurance Co.*, 26 F. Supp. 3d 552 (E.D. La. 2014) (Brown, J.), plaintiff submitted a supplemental estimate of damages to its insurer that was signed and dated but "otherwise left blank." *Id.* at 554. Plaintiff maintained that there were questions of fact, arguing that the "itemized estimate prepared by its public adjuster and submitted to Allstate served as a supplemental proof of loss." *Id.* at 556 (cleaned up). Plaintiff asserted that *Copeland* required only that it give "sufficient information to enable [Allstate] to meaningfully evaluate the claim[.]" *Id.* (quoting *Copeland*, 2004 WL 325577, at *2–3). Plaintiff urged the court to eschew a "such a technical defense" that would "frustrate rather than further the purpose underlying the [NFIP]." *Id.*

The court rejected plaintiff's arguments and granted summary judgment. *Id.* at 558–60. *Roussell* relied on Fifth Circuit precedent to find that plaintiff's itemized estimate was inadequate, explaining, "such documentation cannot substitute for the submission of a sworn, complete Proof of Loss." *Id.* at 559 (citing *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298–99 (5th Cir. 2008) (per curiam) (affirming granting of summary judgment when plaintiff never submitted a formal sworn proof of loss because "[t]his is a strict requirement", and specifically rejecting plaintiff's theory of substantial compliance as contrary to *Gowland*); *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008) (per curiam) ("follow[ing] the persuasive analysis in *Richardson*, which simply applies controlling

precedent in a manner consistent with prior precedent," and concluding that district court properly granted summary judgment because plaintiff had not submitted a sworn proof of loss).   The *Roussell* court also found that the supplemental Proof of Loss form was insufficient, explaining: "The Fifth Circuit held in the published case of *Gowland*—a holding reaffirmed in *Marseilles*— that a claimant must file a proof of loss that is (1) sworn and (2) complete." *Id.* at 560 (citing *Gowland*, 143 F.3d at 954).   Judge Brown concluded,

> The supplemental Proof of Loss that [plaintiff] alleges it timely filed did not meet the SFIP requirement for a Proof of Loss because the form was not complete, as required under Fifth Circuit precedent. Thus, because the incomplete Proof of Loss statement could not satisfy the Proof of Loss requirement for receipt of benefits, it is immaterial whether [plaintiff] timely submitted the form[.]

*Id.*

Another recent Fifth Circuit case interpreted the sworn proof of loss requirement strictly. In *Clark v. Wright National Flood Insurance Company*, 821 F. App'x 342 (5th Cir. 2020) (per curiam), plaintiffs submitted a letter purporting to be a proof of loss which contained the following statement, "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge." *Id.* at 343.   The district court granted summary judgment because, *inter alia*, the proofs of loss "were not sworn claims as required by the SFIP[.]" *Id.* at 344.   The Fifth Circuit affirmed. *Id.* at 348.   Because claims "issued under this program are paid directly from the federal treasury, SFIP policy provisions must be strictly construed, and that would include the sworn-to requirement." *Id.* at 345 (citing *Gowland*, 143 F.3d at 954).   Thus, "[s]trictly construing the SFIP, [the appellate court] conclude[d] that 'sworn to' requires either notarization or a declaration substantially similar to 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).' " *Id.* at 346 (quoting

28 U.S.C. § 1746).  Since plaintiffs' proof of loss did not satisfy either, they failed to comply with the SFIP sworn-to requirement, and summary judgment was appropriate. *Id.*

In sum, the "substantial compliance" theory advanced by Plaintiff is not only the minority position with respect to attorney signatures, but it has also been severely undermined as a whole by subsequent cases from the Fifth Circuit and Eastern District.  Thus, ASI's position is more consistent with both the plain language of the SFIP, the appropriate methods of interpretation, and more recent case law.

Other arguments by Plaintiff are also meritless.  Plaintiff urges that there has been a gradual easing of Proof of Loss requirements in various FEMA bulletins that have been released over the years, but the bottom line is that FEMA has not relaxed *this particular requirement*.

Further, Plaintiff argues in passing that there is an issue with waiver, but this again ignores Fifth Circuit precedent.  As *Gowland* explained, "the federal regulations provide that no provision of the policy may be altered, varied, or waived without the *express* written consent of the Federal Insurance Administrator."  *Gowland*, 143 F.3d at 954 (citing 44 C.F.R. § 61.13(d)).  *Gowland* found that "[i]t [wa]s clear that no such waiver was sought or obtained herein." *Id.*  Numerous courts have followed *Gowland* to find the absence of such a waiver. *See Richardson*, 279 F. App'x at 299; *Wright*, 821 F. App'x at 347.  Likewise, Plaintiff points to no such express waiver here.

Finally, Plaintiff is incorrect that this position is inconsistent with the NFIP's underlying policies.  Again, "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced[.]" *Gowland*, 143 F.3d at 954 (citing *Merrill*, 332 U.S. 380).  While such results in flood cases "may seem harsh[,]" the Fifth Circuit has emphasized that it "must remind that the National Flood Insurance Program is federally subsidized and enables consumers to obtain flood insurance which virtually would be impossible to purchase in the

marketplace." *Id.* at 955. "Requiring [plaintiffs] to turn square corners when dealing with the Treasury 'does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury.' " *Id.* (citing *Merrill*, 332 U.S. at 385). "Not even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a regulation, for to do so would disregard [that] duty[.]" *Cohen*, 924 F.3d at 782 (cleaned up).

In sum, there are no genuine issues of material fact, and ASI is entitled to judgment as a matter of law. As a result, ASI's motion will be granted, and Plaintiff's claims will be dismissed.[7]

## IV.   Conclusion

Accordingly,

---

[7] The Court is also aware of other authority from this district that involves similar but ultimately different issues and thus do not warrant a different result in this case. Specifically, in *Loolara v. National Flood Insurance Program*, No. 17-953, 2021 WL 3204485 (M.D. La. July 28, 2021) (Jackson, J.), defendants sought dismissal arguing, *inter alia*, that plaintiff's "signed Supplemental Proof of Loss was not based on his own judgment" as required by Art. VII(J)(5) of the SFIP but rather was "prepared solely for the purpose of pursuing litigation, based on the judgment of his attorneys and their experts[.]" *Id.* at *3. The Court analyzed plaintiff's deposition testimony and determined:

> Plainly, on this record, the Supplemental Proof of Loss and Estimate were *not* based on Mr. Loolara's "own judgment." As such, Plaintiffs failed to comply with the SFIP's requirement that the proof of loss be based on the insured's "own judgment." SFIP, art. VII(J)(5), and Plaintiffs' Supplemental Proof of Loss and Estimate cannot provide a basis for recovery.

*Id.* at *5. Conversely, the instant case involves not judgment but rather the very fact that the attorney swore to the proof of loss instead of Plaintiff. In short, *Loolara* is distinguishable and not controlling.

**IT IS ORDERED** that the *Motion for Summary Judgment on Behalf of American Strategic Insurance Corporation* (Doc. 25) is **GRANTED**, and all claims by Plaintiff Duane Cothren against ASI are **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on <u>November 19, 2021</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**